When an action is brought upon a deed, a profert of it is made, of course the deed remains in court until plea pleaded; it is then withdrawn, unless it be denied, and then it is left in the office for safe custody only. No vestige of the deed appears upon the record, but as the plaintiff has described it in his declaration, if for any purpose, either to show a variance between the deed, as described in the declaration, and the one offered under profert, or of availing the defendant of any matter contained in the deed, the party must crave oyer. It is then spread upon the record, and the defendant may demur for variance or take hold of any other matter contained in the deed for his defense; but, should he omit to crave oyer, he takes the deed to be as stated in the plaintiff's declaration. (517) There being no declaration in this case it is presumed that it is conformable to the writ, and if so, the bond is taken agreeably to law. In this case, strictly speaking, if the declaration should be according to ancient form, that is, upon the penalty only, the defendant having omitted to crave oyer of the condition, the plea of covenants performed or conditions performed is a nullity or no answer to the plaintiff's demand; it not appearing to the court that there was any condition to the bond or any covenants to be performed. But, perhaps, it is the fairer way to consider the declaration as setting forth both the penalty and condition, and as assigning breaches of the condition, yet, as oyer, neither of the one or the other has been craved, we must take the bond and condition as stated in the declaration; and, as we have before said, that it is presumed to be conformable to the writ, and in this view of the case the result will be the same.
The general issue not being pleaded in this case the plaintiffs were not compelled to produce the bond upon the trial, and if the defendants failed to support their pleas by evidence, a verdict would have been found for the plaintiff, and judgment rendered thereon without the court ever having had an opportunity of comparing the deed sued on with the declaration, and thereby perceiving the variance, if there be one. *Page 289 
It follows from this that as the obligees named in the writ are those prescribed by the act of 1762, to whom such bonds are directed to be made payable, and we cannot perceive from the record that there are others, the judgment is not therefore on this account erroneous.
It is objected on the merits of the cause that the condition of this bond has not been violated. The parties agree in the words of the condition; they are: "That whereas, the said Dickey has been appointed guardian to the minor named in the condition, now if the said Dickey shall well and truly perform his office of guardian by securing and improving the estate of his ward, which shall come to his (518)possession, then," etc. The defendants, who are Dickey's securities only, allege that the slaves never came to his possession as guardian, the interest of the ward, as they allege, being future and contingent, and not vested. This, although it would not be a defense for Dickey himself, when brought to an account, nor for the securities had the guardian bond been drawn as it ought to have been, for it is his duty to guard the interest of his ward, whether vested or contingent; yet, as the securities are no further bound than by their contract, and that only binds them that Dickey shall discharge his duty as guardian by improving and securing the estate of his ward, which shall come to his possession, it becomes necessary to examine whether the slaves in question ever came to his possession; and this depends upon the true construction of Shutt's will. By the third clause of the will, the testator directs that his negroes shall be kept together until his children arrive at full age or marry, and then to be divided between his wife and children. Another clause of the will directs that whenever one of his children arrives at full age or marries, that his or her share of the estate be delivered to him or her immediately. These two clauses taken together, convey a vested and not barely a future or contingent interest. There is no disposition of them in the meantime to any other person. The right of the executors to the undisposed property of their testator is, by our law, taken from them, and it cannot therefore be said that the executors were entitled until the time of the division arrived; therefore, after the trusts of the will were performed by the executors, and making the division was not one of those trusts, the children could have compelled them to have assented to their legacies, although they could not have compelled a division among themselves until the period arrived prescribed for that purpose in their father's will. Independent of this, I think it was a present gift to be (519) immediately enjoyed by them, and the division postponed to prevent inequality in the shares of the children when they were about to enter *Page 290 
into life, or for some other motive which the testator deemed a sufficient one. That Dickey, having the negroes in his possession as executor in right of his wife, after the time allowed by law for the performance of the trusts of the will, by being appointed guardian to the child, he ipso facto
became possessed of the slaves in his capacity of guardian.
As to the excessiveness of the damages, I think that question was fairly left to the jury whether it was a total or a partial loss. As to the damages being greater than those which were laid in the writ, I think there is no error for the reasons assigned by my brothers. The statute 8 and 9, Wm. III., does not require that there should be an alteration in laying the damages, for at law by a breach of the condition the penalty becomes the debt; the damages demanded in the writ are merely nominal; the damages found for the breaches of the condition are only directory as to the sum to be raised by the execution and a substitution for the penalty of the bond, and therefore it is said they cannot exceed it. And I consider the precedents relied on in 2 Chitty's Pleadings to be merely matter of advice for greater certainty. No adjudged case has been produced to support the objection, and I am confident the cases are the other way.
PER CURIAM. No error.
Cited: Harrison v. Ward, 14 N.C. 418; Clancy v. Carrington, ib., 530;Hathaway v. Leary, 55 N.C. 266; DeVane v. Larkins, 56 N.C. 380; Harrisv. Harrison, 78 N.C. 213; Ruffin v. Harrison, 81 N.C. 216.
(520)